UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FELICIA DAVIS-BARRY,
as Personal Representative
of the Estate of Dexter Eric Barry

        Plaintiff,

vs.                              CASE NO. 3:24-cv-00102-WWB-PDB

T.K. WATERS, in his official capacity
as the Sheriff of Duval County, Florida,

        Defendant.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, T.K. Waters, in his official capacity as the Sheriff of Duval County, Florida,[1] answers Plaintiff, Felicia Davis-Berry's Amended Complaint and Demand for Jury Trial, and alleges:

1. Admitted for jurisdictional purposes; otherwise denied.

2. Admitted for jurisdictional purposes; otherwise denied.

3. Admitted for venue purposes; otherwise denied.

4. Without knowledge.

5. Without knowledge.

---

[1] Plaintiff names T.K. Waters, in his official capacity as the Sheriff of Duval County, Florida, as Defendant in this action. A suit against a public official in his official capacity is treated as a suit against the local government entity he represents, which in this case is the City of Jacksonville. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Owens v. Fulton County, 877 F.2d 947, 951 n.5 (11th Cir. 1989). Accordingly, references in this matter to Sheriff Waters and the City of Jacksonville are one and the same unless otherwise noted and are used interchangeably as the context warrants.

6. Without knowledge.

7. Sheriff Waters was sworn into office on November 20, 2022; otherwise admitted.

8. Admitted that Sheriff Mike Williams and Sheriff Pat Ivey both served as Sheriff of Duval County prior to Sheriff Waters; otherwise without knowledge.

9. Admitted that on November 18, 2022, when Dexter Barry was arrested, J.J. McKeon was employed by the City of Jacksonville as a police officer for the Jacksonville Sheriff's Office; otherwise denied.

10. Without knowledge.

11. Admitted.

12. Without knowledge.

13. Without knowledge.

14. Without knowledge.

15. Without knowledge.

16. Without knowledge.

17. Admitted that Dexter Barry was arrested on November 18, 2022 by Officer McKeon for simple assault; otherwise denied.

18. Admitted that Officer McKeon responded to a call at Dexter Barry's residence on November 18, 2022; otherwise without knowledge.

19. Admitted.

20. Admitted that Dexter Barry informed Officer McKeon that he was a heart transplant recipient and was required to take anti-rejection medication; otherwise denied.

21. Admitted that Dexter Barry informed Officer McKeon that he was a heart transplant recipient and was required to take anti-rejection medication; otherwise denied.

22. Admitted that there is body worn camera footage of Dexter Barry's arrest; denied to the extent that Plaintiff's Exhibit A is not a true and correct and complete copy of the body worn camera footage.

23. Denied.

24. Admitted that Dexter Barry was booked at the Pre-Trial Detention Facility at 1:29 P.M. on November 18, 2022; otherwise without knowledge.

25. Admitted that Dexter Barry appeared in J-1 Court on November 19, 2022.

26. Without knowledge.

27. Without knowledge.

28. Without knowledge.

29. Admitted that Dexter Barry was released from the Pre-Trial Detention Facility at 9:34 P.M. on November 20, 2022.

30. Without knowledge.

31. Without knowledge.

32. Without knowledge.

33. Without knowledge.

34. Without knowledge.

35. Without knowledge.

36. Denied.

37. Admitted that the City of Jacksonville contracted with Armor Correctional Health Services, Inc. and/or its affiliate to provide medical and pharmacy services at the Pre-Trial Detention Facility; otherwise denied.

38. Denied.

39. Without knowledge.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

### COUNT I—DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS
### 42 U.S.C. §§ 1983, 1988

52. Defendant re-alleges and incorporates by reference the answers to paragraphs 1 through 51 above as though fully set forth herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## AFFIRMATIVE DEFENSES

### Affirmative Defense No. 1

Plaintiff fails to state a claim against Defendant upon which relief may be granted.

### Affirmative Defense No. 2

No constitutional violations were committed during the events described in the Complaint.

### Affirmative Defense No. 3

Plaintiff's allegations under 42 U.S.C. § 1983 are barred to the extent that they are based upon the doctrine of respondeat superior.

### Affirmative Defense No. 4

There are insufficient allegations in the Complaint to show, and no evidence to support, the existence of any policy, custom, or practice adopted, endorsed, followed, or maintained by the City of Jacksonville, through deliberate indifference or otherwise, and/or that any such policy, custom, or practice was the moving force of any constitutional violation associated with the events described or that was a legal or proximate cause of Plaintiff's alleged damages.

### Affirmative Defense No. 5

All of Defendant's actions Defendant were reasonable, legitimate, justified, and legal under the circumstances.

**Affirmative Defense No. 6**

Defendant acted reasonably, in good faith, consistent with customary and professional corrections practices, and within the scope of applicable law at all times during the events alluded to in Plaintiff's Complaint.

**Affirmative Defense No. 7**

Plaintiff is not entitled to recover economic damages for those past medical expenses, if any, written off by the medical care providers or reduced by agreement between the medical care providers and insurers.

**Affirmative Defense No. 8**

Plaintiff has failed to make reasonable efforts to mitigate the damages alleged in the Complaint.

**Affirmative Defense No. 9**

Any damages should be reduced by amounts received from collateral sources, or other sources permitted by applicable law, or by any amounts received from claims brought against other individuals or entities.

**Affirmative Defense No. 10**

The proximate cause of Plaintiff's damages, if any, was Dexter Barry's own acts; consequently any damages should be barred or reduced.

**Affirmative Defense No. 11**

Plaintiff is not legally entitled to recover damages for Dexter Barry's conscious pain and suffering or the alleged hedonic damages.

**Affirmative Defense No. 12**

Any injury to Dexter Barry resulting from his medical treatment while incarcerated at the Pre-Trial Detention Facility is the fault of Armor Correctional Health Services, Inc. and/or its affiliates, agents, and employees.

Dated: May 15, 2024

**OFFICE OF GENERAL COUNSEL**
**CITY OF JACKSONVILLE**

*/s/ Tiffiny Douglas Pinkstaff*
Tiffiny Douglas Pinkstaff, Lead Trial Counsel
Chief, General Litigation
Florida Bar No. 682101
Mary Margaret Giannini
Assistant General Counsel
Florida Bar No. 1005572
117 West Duval Street, Suite 480
Jacksonville, Florida  32202
904.255.5100
tpinkstaff@coj.net
mgiannini@coj.net

**ATTORNEYS FOR SHERIFF T.K. WATERS**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of May, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

*/s/ Tiffiny Douglas Pinkstaff*
Attorney